**FREEMAN MATHIS & GARY, LLP**
JOHN K. RUBINER / Bar No.: 155208
jrubiner@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
(213) 615-7000; FAX (833) 264-2083

Attorneys for Defendants
Pacific Construction Group; Nathan Munn

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| HEATHER COOMES, | ) Case No. 8:25-CV-00605-SPG-KES |
|---|---|
| Plaintiff, | ) |
| v. | ) **DEFENDANTS PACIFIC** |
| | ) **CONSTRUCTION GROUP AND** |
| PACIFIC CONSTRUCTION GROUP, a | ) **NATHAN MUNN'S ANSWER AND** |
| California corporation; PCG CONSTRUCTION | ) **AFFIRMATIVE DEFENSES TO** |
| GROUP, an Arizona corporation; NATHAN | ) **PLAINTIFF'S COMPLAINT** |
| MUNN, an individual, and DOES 1 through 15, | ) |
| inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendants Pacific Construction Group ("PCG") and Nathan Munn ("Munn") (collectively, "Answering Defendants"), for their Answer and Affirmative Defenses to the Complaint of Heather Coomes ("Plaintiff") state as follows:

## General Denial

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Answering Defendants deny, generally and specifically, each and every allegation contained in Plaintiff's Complaint, deny that Plaintiff has been damaged in any sum or manner whatsoever, and further deny that Plaintiff is entitled to any relief whatsoever, whether legal or equitable, as against Answering Defendants.

## Responses to Specific Allegations

### I.    The Parties

1.    Answering paragraph 1 of the Complaint, Answering Defendants admit that PCG is a California corporation authorized to do business in the state of California and is doing business in

Freeman Mathis
& Gary, LLP
Attorneys at Law

California corporation authorized to do business in the state of California and is doing business in the state of California.

2.    Answering paragraph 2 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

3.    Answering paragraph 3 of the Complaint, Answering Defendants admit Munn is an individual currently residing in the state of California.

4.    Answering paragraph 4 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5.    Answering paragraph 5 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

6.    Answering paragraph 6 of the Complaint, Answering Defendants admit that Munn is a PCG employee, but deny the remaining allegations of paragraph 6.

7.    Answering paragraph 7 of the Complaint, Answering Defendants admit that Munn is a PCG employee, but deny the remaining allegations of paragraph 7.

**II.    Jurisdiction and Venue**

8.    Paragraph 8 consists of a statement, argument, or conclusion of law to which no admission or denial is required.

9.    Paragraph 9 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Answering Defendants do not contest subject matter jurisdiction.

10.    Paragraph 10 consists of a statement, argument, or conclusion of law to which no admission or denial is required. Answering Defendants deny that a substantial part of the events giving rise to the asserted claims occurred within this district.

**III.    Exhaustion of Administrative Remedies**

11.    Answering paragraph 11 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

Freeman Mathis & Gary, LLP
Attorneys at Law

said paragraph, and on that basis deny each and every allegation contained therein.

## IV.   Factual Allegations

12.   Answering paragraph 12 of the Complaint, Answering Defendants admit that PCG is a full-service general contractor specializing in ground-up industrial, office, retail, and medical facilities in Southern California. Answering Defendants admit PCG is based in Irvine, California. Answering Defendants deny the remaining allegations of paragraph 12.

13.   Answering paragraph 13 of the Complaint, Answering Defendants admit that Plaintiff was hired as a Project Accountant for PCG on or about October 2, 2018. Answering Defendants deny that Plaintiff was promoted to Assistant Controller prior to her termination. Answering Defendants deny the remaining allegations of paragraph 13.

14.   Answering paragraph 14 of the Complaint, Answering Defendants admit that Plaintiff did not have any poor performance reviews while employed at PCG. The remaining allegations consist of a statement or argument to which no admission or denial is required.

15.   Answering paragraph 15 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

16.   Answering paragraph 16 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17.   Answering paragraph 17 of the Complaint, Answering Defendants deny each and every allegation contained therein.

18.   Answering paragraph 18 of the Complaint, Answering Defendants admit that Plaintiff was hired as an independent contractor to provide bookkeeping and accounting services in November 2022. Answering Defendants deny the remaining allegations of paragraph 18.

19.   Answering paragraph 19 of the Complaint, Answering Defendants deny each and every allegation contained therein.

20.   Answering paragraph 20 of the Complaint, Answering Defendants deny providing all tools used when conducting work for Defendant. Answering Defendants admit Plaintiff retained the

Freeman Mathis
& Gary, LLP
Attorneys at Law

-3-

laptop she had used while employed by PCG and was connected to PCG's accounting software, cell phone, and credit card for expenses. Answering Defendants deny the remaining allegations contained in paragraph 20.

21. Answering paragraph 21 of the Complaint, Answering Defendants deny each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, Answering Defendants admit PCG utilized Ninety IO. Answering Defendants deny each and every remaining allegation contained therein.

23. Answering paragraph 23 of the Complaint, Answering Defendants admit PCG utilized Microsoft Teams and emails for some communications with Plaintiff. Answering Defendants deny each and every remaining allegation contained therein.

24. Answering paragraph 24 of the Complaint, Answering Defendants admit that PCG and Munn communicated with Plaintiff and answered her questions. Answering Defendants deny each and every remaining allegation contained therein.

25. Answering paragraph 25 of the Complaint, Answering Defendants admit that Plaintiff was contracted as a consultant for project accounting and bookkeeping, which requires communication and follow-up with the company and its staff. The Engagement letter PCG provided explicitly states that Plaintiff may refuse to perform any procedure or action that is construed as assuming management responsibility. Answering Defendants deny each and every remaining allegation contained therein.

26. Answering paragraph 26 of the Complaint, Answering Defendants admit to Munn using Smartsheets to track tasks and deadlines for projects. Answering Defendants deny each and every remaining allegation contained therein.

27. Answering paragraph 27 of the Complaint, Answering Defendants admit that Plaintiff was one point of contact for accounting related matters for PCG. Answering Defendants deny each and every remaining allegation contained therein.

28. Answering paragraph 28 of the Complaint, Answering Defendants admit that one of Plaintiff's independent contractor responsibilities included working on PCG's payroll. Answering Defendants deny each and every remaining allegation contained therein.

Freeman Mathis & Gary, LLP
Attorneys at Law

-4-

29. Answering paragraph 29 of the Complaint, Answering Defendants deny each and every allegation contained therein.

30. Answering paragraph 30 of the Complaint, Answering Defendants deny each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, Answering Defendants admit that there was a conversation about Plaintiff's performance review and Plaintiff potentially becoming employed with PCG in the future. Answering Defendants deny each and every remaining allegation contained therein.

32. Answering paragraph 32 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Answering Defendants admit that a meeting with Plaintiff occurred on or about March 2024. Answering Defendants deny each and every remaining allegation contained therein.

34. Answering paragraph 34 of the Complaint, Answering Defendants deny each and every allegation contained therein.

35. Answering paragraph 35 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

36. Answering paragraph 36 of the Complaint, Answering Defendants admit that a meeting Plaintiff sent an email to O'Byrne containing the quoted language. Answering Defendants deny each and every remaining allegation contained therein.

37. Answering paragraph 37 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

38. Answering paragraph 38 of the Complaint, Answering Defendants admit that Plaintiff sent PCG an email on April 29, 2024. Answering Defendants deny each and every remaining allegation contained therein.

Freeman Mathis & Gary, LLP
Attorneys at Law

DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

39.     Answering paragraph 39 of the Complaint, Answering Defendants admit that PCG terminated Plaintiff's Independent Contractor agreement on May 2, 2024. Answering Defendants deny each and every remaining allegation contained therein.

## V.      Claims

### Retaliation in Violation of Labor Code § 1102.5

40.     Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

41.     Answering paragraph 41 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

42.     Answering paragraph 42 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

43.     Answering paragraph 43 of the Complaint, Answering Defendants deny each and every allegation contained therein.

44.     Answering paragraph 44 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

45.     Answering paragraph 45 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

46.     Answering paragraph 46 of the Complaint, Answering Defendants admit that PCG terminated Plaintiff's Independent Contractor agreement. Answering Defendants deny each and every remaining allegation contained therein.

47.     Answering paragraph 47 of the Complaint, Answering Defendants deny each and every allegation contained therein.

48.     Answering paragraph 48 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-6-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

49.     Answering paragraph 49 of the Complaint, Answering Defendants deny each and every allegation contained therein.

50.     Answering paragraph 50 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Retaliation in violation of Labor Code § 98.6, et seq.**

51.     Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

52.     Answering paragraph 52 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

53.     Answering paragraph 53 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

54.     Answering paragraph 54 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

55.     Answering paragraph 55 of the Complaint, Answering Defendants deny each and every allegation contained therein.

56.     Answering paragraph 56 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

57.     Answering paragraph 57 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

58.     Answering paragraph 58 of the Complaint, Answering Defendants deny each and every allegation contained therein.

59.     Answering paragraph 59 of the Complaint, Answering Defendants deny each and every allegation contained therein.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-7-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

60.     Answering paragraph 60 of the Complaint, Answering Defendants deny each and every allegation contained therein.

61.     Answering paragraph 61of the Complaint, Answering Defendants deny each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Retaliation in Violation of Gov. Code § 12940 (h)**

63.     Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

64.     Answering paragraph 64 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

65.     Answering paragraph 65 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

66.     Answering paragraph 66 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

67.     Answering paragraph 67 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

68.     Answering paragraph 68 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

69.     Answering paragraph 69 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-8-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

70.     Answering paragraph 69 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

71.     Answering paragraph 71 of the Complaint, Answering Defendants deny each and every allegation contained therein.

72.      Answering paragraph 72 of the Complaint, Answering Defendants deny each and every allegation contained therein.

73.     Answering paragraph 73 of the Complaint, Answering Defendants deny each and every allegation contained therein.

74.     Answering paragraph 74 of the Complaint, Answering Defendants deny each and every allegation contained therein.

75.     Answering paragraph 75 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Failure to Prevent Retaliation in Violation of Gov. Code § 12940 (h)**

76.     Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

77.     Answering paragraph 77 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

78.     Answering paragraph 78 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

79.     Answering paragraph 79 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

80.     Answering paragraph 80 of the Complaint, Answering Defendants deny each and every allegation contained therein.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-9-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

81.    Answering paragraph 81 of the Complaint, Answering Defendants deny each and every allegation contained therein.

82.    Answering paragraph 82 of the Complaint, Answering Defendants deny each and every allegation contained therein.

83.    Answering paragraph 83 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Wrongful Termination in Violation of Public Policy**

84.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

85.    Answering paragraph 85 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

86.    Answering paragraph 86 of the Complaint, Answering Defendants deny each and every allegation contained therein.

87.    Answering paragraph 87 of the Complaint Answering Defendants deny each and every allegation contained therein.

88.    Answering paragraph 88 of the Complaint, Answering Defendants deny each and every allegation contained therein.

89.    Answering paragraph 89 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Misclassification**

90.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

91.    Answering paragraph 91 of the Complaint, Answering Defendants deny each and every allegation contained therein.

92.    Answering paragraph 92 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

**Freeman Mathis
& Gary, LLP**
Attorneys at Law

-10-

93.    Answering paragraph 93 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

94.    Answering paragraph 94 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

95.    Answering paragraph 95 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

96.    Answering paragraph 96 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

**Failure to Pay Overtime Wages in Violation of Cal. Labor Code §§ 510 and 1194**

97.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

98.    Answering paragraph 91 of the Complaint, Answering Defendants deny each and every allegation contained therein.

99.    Answering paragraph 99 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

100.    Answering paragraph 100 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

101.    Answering paragraph 101 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

102.    Answering paragraph 102 of the Complaint, Answering Defendants deny each and every allegation contained therein.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-11-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

103.    Answering paragraph 103 of the Complaint, Answering Defendants deny each and every allegation contained therein.

104.    Answering paragraph 104 of the Complaint, Answering Defendants deny each and every allegation contained therein.

105.    Answering paragraph 105 of the Complaint, Answering Defendants deny each and every allegation contained therein.

106.    Answering paragraph 106 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Failure to Timely Pay Earned Wages in Violation of Cal. Labor Code § 204**

107.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

108.    Answering paragraph 108 of the Complaint, Answering Defendants deny that Plaintiff was employed by Answering Defendants in California. The remaining paragraph contains statements of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

109.    Answering paragraph 109 of the Complaint, Answering Defendants deny each and every allegation contained therein.

110.    Answering paragraph 110 of the Complaint, Answering Defendants deny each and every allegation contained therein.

111.    Answering paragraph 111 of the Complaint, Answering Defendants deny each and every allegation contained therein.

112.    Answering paragraph 112 of the Complaint, Answering Defendants deny each and every allegation contained therein.

113.    Answering paragraph 113 of the Complaint, Answering Defendants deny each and every allegation contained therein.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-12-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**Failure to Provide Complete/Accurate Wage Statements in Violation of Cal. Labor Code § 226**

114.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

115.    Answering paragraph 115 of the Complaint, the paragraph contains a statement of legal arguments to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

116.    Answering paragraph 116 of the Complaint, Answering Defendants deny each and every allegation contained therein.

117.    Answering paragraph 117 of the Complaint, Answering Defendants deny each and every allegation contained therein.

118.    Answering paragraph 118 of the Complaint, Answering Defendants deny each and every allegation contained therein.

119.    Answering paragraph 119 of the Complaint, Answering Defendants deny each and every allegation contained therein.

120.    Answering paragraph 120 of the Complaint, Answering Defendants deny each and every allegation contained therein.

121.    Answering paragraph 121 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Failure to Timely Pay All Wages Upon Separation of Employment in Violation of Cal. Labor Code §§ 201, 202, and 203**

122.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

123.    Answering paragraph 123 of the Complaint, Answering Defendants deny each and every allegation contained therein.

Freeman Mathis
& Gary, LLP
Attorneys at Law

-13-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

124. Answering paragraph 124 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

125. Answering paragraph 125 of the Complaint, Answering Defendants deny each and every allegation contained therein.

126. Answering paragraph 126 of the Complaint, Answering Defendants deny each and every allegation contained therein.

127. Answering paragraph 127 of the Complaint, Answering Defendants deny each and every allegation contained therein.

128. Answering paragraph 128 of the Complaint Answering Defendants deny each and every allegation contained therein.

129. Answering paragraph 129 of the Complaint Answering Defendants deny each and every allegation contained therein.

130. Answering paragraph 130 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Unfair Business Practices in Violation of Business & Professions Code § 17200, et seq.**

131. Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

132. Answering paragraph 132 of the Complaint, Answering Defendants deny each and every allegation contained therein.

133. Answering paragraph 133 of the Complaint, Answering Defendants deny each and every allegation contained therein.

134. Answering paragraph 134 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Intentional Infliction of Emotional Distress (Nathan Munn)**

135. Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

136. Answering paragraph 136 of the Complaint, Answering Defendants deny each and every allegation contained therein.

137. Answering paragraph 137 of the Complaint, Answering Defendants deny each and every allegation contained therein.

138. Answering paragraph 138 of the Complaint, Answering Defendants deny each and every allegation contained therein.

139. Answering paragraph 139 of the Complaint, Answering Defendants deny each and every allegation contained therein.

### Retaliation in Violation of 29 U.S.C. § 215(a)(3)

140. Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

141. Answering paragraph 141 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

142. Answering paragraph 142 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

143. Answering paragraph 143 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

144. Answering paragraph 144 of the Complaint, Answering Defendants deny each and every allegation contained therein.

145. Answering paragraph 145 of the Complaint, Answering Defendants deny each and every allegation therein.

146. Answering paragraph 146 of the Complaint Answering Defendants deny each and every allegation contained therein.

147. Answering paragraph 147 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-15-

DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**Failure To Pay Overtime in Violation of 29 U.S.C. §§ 207(a), 215(a)(3)**

148. Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

149. Answering Defendants admit PCG is engaged in commerce. The remaining allegations in the paragraph contain statements of legal arguments to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

150. Answering paragraph 150 of the Complaint, Answering Defendants deny each and every allegation contained therein.

151. Answering paragraph 151 of the Complaint, Answering Defendants deny each and every allegation contained therein.

152. Answering paragraph 152 of the Complaint, Answering Defendants deny each and every allegation contained therein.

153. Answering paragraph 153 of the Complaint, Answering Defendants deny each and every allegation contained therein.

154. Answering paragraph 154 of the Complaint, Answering Defendants deny each and every allegation contained therein.

155. Answering paragraph 156 of the Complaint, Answering Defendants deny each and every allegation contained therein.

**Violation of The NLRA (29 U.S.C. § 158(a)(1) & (3))**

156. Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

157. Answering paragraph 157 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

158. Answering paragraph 158 of the Complaint, the paragraph contains a statement of law to which no response is required. To the extent a response is required, Answering Defendants deny the allegations.

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-16-

159.    Answering paragraph 159 of the Complaint, Answering Defendants deny each and every allegation contained therein.

160.    Answering paragraph 160 of the Complaint, Answering Defendants deny each and every allegation contained therein.

161.    Answering paragraph 161 of the Complaint, Answering Defendants deny each and every allegation contained therein.

## Sex Discrimination in Violation of Title VII of Civil Rights Act

162.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

163.    Answering paragraph 163 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

164.    Answering paragraph 164 of the Complaint, Answering Defendants deny each and every allegation contained therein.

165.    Answering paragraph 165 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

166.    Answering paragraph 166 of the Complaint, Answering Defendants deny each and every allegation contained therein.

167.    Answering paragraph 167 of the Complaint Answering Defendants deny each and every allegation contained therein.

## Violation of the Federal Trade Commission Act

168.    Answering Defendants incorporate here by reference and reallege their answers to all preceding paragraphs.

169.    Answering paragraph 169 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-17-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

170.    Answering paragraph 170 of the Complaint, the paragraph contains a statement of law to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations.

171.    Answering paragraph 171 of the Complaint, Answering Defendants deny each and every allegation contained therein.

172.    Answering paragraph 172 of the Complaint Answering Defendants deny each and every allegation contained therein.

## Affirmative Defenses

Answering Defendants allege and assert the following affirmative defenses. In addition to the affirmative defenses described below and subject to its responses above, Answering Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those under the California Labor Code, Government Code, Title VII, FLSA, and NLRA.

### THIRD AFFIRMATIVE DEFENSE

### (Defendants' Acts or Omissions)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants deny the injuries or damages complained of by Plaintiff, if any, were due to or caused by any act or omission by Defendants.

**Freeman Mathis**
**& Gary, LLP**
Attorneys at Law

-18-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Freeman Mathis
& Gary, LLP
Attorneys at Law

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts or Omissions)

In answering the Complaint, and as to each cause of action therein, Defendants allege Plaintiff's claims are barred because any damages sustained by Plaintiff were proximately caused by Plaintiff's own acts and/or omissions.

## FIFTH AFFIRMATIVE DEFENSE

### (Third Party Acts or Omissions)

In answering the Complaint, and as to each cause of action therein, Defendants allege Plaintiff's claims are barred because any damages sustained by Plaintiff were caused by the acts and/or omissions of third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff failed to exhaust administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege Plaintiff's claims are barred due to the application of the After-Acquired Evidence Doctrine, or alternatively, the Doctrine of After-Acquired evidence limits and reduces Plaintiff's alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that they acted in good faith reliance upon a reasonable interpretation of applicable law.

## NINTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein,

Defendants allege that any and all actions taken concerning Plaintiff were taken for lawful, non-discriminatory, non-retaliatory, legitimate business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Contribution)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's Complaint is barred because Plaintiff contributed entirely, or at least in some degree, to her alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said injuries or damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Employment Relationship or Misclassification)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that to the extent Plaintiff asserts claims based on misclassification or wage and hour violations, Defendants deny that Plaintiff was misclassified and assert that Plaintiff was properly classified based on her duties and responsibilities under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Extreme or Outrageous Conduct)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's claim for intentional infliction of emotional distress is barred because Defendant's alleged conduct was not extreme, outrageous, or outside the bounds of human decency as required under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein,

Freeman Mathis
& Gary, LLP
Attorneys at Law

-20-

Defendants allege that by Plaintiff's conduct, Plaintiff waived any right to recover any relief pursuant to her Complaint, or any purported cause of action alleged therein, by her own conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff is estopped by her conduct from recovering any relief pursuant to her Complaint, or any purported cause of action alleged therein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's claims are barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege Plaintiff failed to state facts sufficient to state a claim for which she is entitled to recover attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Damages)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff has failed to state facts sufficient to state a claim for which she is entitled to recover emotional distress and/or personal injury damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Intent)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that they have not engaged in intentional conduct with respect to Plaintiff, and therefore, Defendants cannot be liable for punitive damages.

**Freeman Mathis & Gary, LLP**
Attorneys at Law

DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Fraud)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that they have not acted with malice, reckless indifference, or fraud toward Plaintiff, and therefore, Defendants cannot be liable for punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

In answering Plaintiff's Complaint, Defendants allege they are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff owed to Defendants against any judgment entered against it.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Compliance)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's Complaint, and each cause of action therein, are barred, in whole or in part, because of Defendant's compliance with relevant underlying law(s).  Further, because Defendant's actions comply with the relevant underlying law, they did not engage in any unlawful conduct with respect to the Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Violation)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege there was no violation of state or federal statute and no violation of or noncompliance with a local, state, or federal rule or regulation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's Complaint and each cause of action therein is barred by the doctrine of unclean hands.

**Freeman Mathis
& Gary, LLP**
Attorneys at Law

-22-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Damages Speculative)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because they are uncertain ambiguous and/or unintelligible.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Compliance FLSA)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Defendants acted in good faith and had reasonable grounds to believe that its acts or omissions were not in violation of the FLSA, thereby barring Plaintiff's claims for damages, liquidated damages, or penalties under 29 U.S.C. § 260.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Exclusive Jurisdiction)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that to the extent Plaintiff alleges violations of the National Labor Relations Act, such claims fall under the exclusive jurisdiction of the National Labor Relations Board and are not properly before this Court.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Work)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that any uncompensated time worked by Plaintiff was de minimis and does not give rise to liability under the FLSA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants allege that Defendants did not willfully violate any provisions of the FLSA or other labor statutes. Therefore, any claims for extended limitations periods or enhanced damages are barred.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

In answering Plaintiff's Complaint, and as to each and every cause of action alleged therein, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional affirmative defenses available.  Accordingly, Defendants reserve the right to assert additional defenses to the Complaint in the event that further discovery or inquiry indicates that they are appropriate.

## PRAYER

WHEREFORE, Defendants respectfully pray for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendants be awarded their costs of suit incurred herein, including reasonable attorney's fees as permitted by law; and

4. For such other and further relief as the Court may deem just and proper.

Dated:  April 21, 2025                    Respectfully submitted,

By: _____
JOHN K. RUBINER/ Bar No. 155208
jrubiner@fmglaw.com
FREEMAN, MATHIS & GARY, LLP
550 South Hope St., Suite 2200
Los Angeles, CA 90071-2627
Telephone: 213-615-7000
Facsimile:   833-264-2083

Attorneys for Defendants
Pacific Construction Group; Nathan Munn

**Freeman Mathis & Gary, LLP**
Attorneys at Law

DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 550 South Hope Street, Suite 2200, Los Angeles, California  90071-2627.

On April 21, 2025, I served the within document(s) described as:

**DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action as stated below:

Elyza P. Heraldez, Esq.
**HERALDEZ LAW, PC**
8280 Aspen St. Suite 120 Rancho Cucamonga, CA 91730
O:  (909) 942-9992
E-mail:  Elyza.Heraldez@Heraldezlaw.com

Attorneys for Plaintiff Heather Coomes

☐ **BY MAIL** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By CM/ECF PORTAL**. I certify that I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. .

☒ **FEDERAL.** I declare under penalty of perjury under the laws of the United States that the above is true and correct..

Executed on April 21, 2025, at Los Angeles, California.

ELIZABETH RUBIO
(Type or print name)

(Signature)

Freeman Mathis
& Gary, LLP
Attorneys at Law

-25-
DEFENDANTS PACIFIC CONSTRUCTION GROUP AND NATHAN MUNN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT